# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

OMNISOURCE ELECTRONICS          )
RECYCLING, LLC,                 )
                                )
    **Plaintiff,**          )
                                )
**v.**                          )  **CAUSE NO. 1:17-cv-00027-TLS-SLC**
                                )
PC REBUILDERS AND RECYCLERS, LLC, )
                                )
    **Defendant.**          )

## OPINION AND ORDER

Before the Court is a Second Amended Complaint filed by Plaintiff Omnisource Electronics Recycling, LLC, on February 6, 2017, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 9). Plaintiff's jurisdictional allegations, however, still fail to adequately set forth the citizenship of the parties.

As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Plaintiff states that it "is wholly-owned by STLD Holdings, Inc., a citizen of Indiana." (DE 9 ¶ 1). Plaintiff cannot, as it attempts to do here, simply allege a "naked declaration that there is diversity of citizenship," *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007), by asserting that STLD Holdings, Inc., is a citizen of Indiana. Corporations "are deemed to be citizens of the state in which they are incorporated *and* the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990)

(emphasis added) (citing 28 U.S.C. § 1332(c)(1)).  Therefore, the Court must be advised of STLD Holdings, Inc.'s state of incorporation and the state in which its principal place of business is located.

As an additional matter, Plaintiff alleges that it is "an Indiana company" and that Defendant "is an Illinois company."  (DE 9 ¶¶ 1, 3).  The complaint does not state, however, that these companies are actually limited liability companies, though the Court has presumed so from their names.  Therefore, Plaintiff should confirm to the Court that Plaintiff and Defendant are, in fact, limited liability companies.

Plaintiff is ORDERED to filed a supplemental jurisdictional statement on or before February 21, 2017, that advises the Court of the information requested herein.

SO ORDERED.

Entered this 7th day of February 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge